LOTTINGER, Judge.
This is a suit for damages as the result of a battery on plaintiff, Alton Hebert, Jr., by Wilbert “Wilton” Morales, Jr., hereafter Wilton Morales, the minor son of the defendant, Wilbert Morales. The Trial Court rendered judgment for general damages in the amount of $9,000.00 and special damages, namely hospital and doctor bills, in the amount of $694.25. It also awarded expert witness fees to certain doctors and taxed same as costs. From this judgment, defendant, Wilbert Morales, has appealed.
The specific battery which inflicted the injuries complained of culminated as a result of two encounters between Alton Hebert, Jr. and Wilton Morales, taking place on the evening in question. Wilton, his younger brother, Lane, and a friend had stopped at a bar-restaurant-poolroom at which Alton was present. After words, Alton hit Wilton’s friend in the face with his fist. Thereafter, Wilton, Lane and their friend left this establishment on foot headed toward the defendant’s camp on Lake Verret. Plaintiff and his companions started chasing them; Lane ran behind a camp into the woods; and Wilton and the friend eventually got to defendant’s camp, Wilton claiming that plaintiff punched him with fists a number of times before he could get to his father’s camp. Shortly thereafter, defendant, Wilton, and the friend left the camp in defendant’s pickup truck and went back to the establishment. Plaintiff contends that defendant, Wilton, and the friend returned to even the score. Defendant contends that they returned to look for Lane who did not get to defendant’s camp with Wilton and his friend. At any rate, it is undisputed that the defendant and Wilton found Alton, and shortly thereafter, Wilton hit Alton in the face with an eight inch iron rod or bar.
Plaintiff suffered a laceration of the left side of his face, a fracture of the bones in the vicinity of the left eye, and detached retina and folds of the retina of the left eye.
The Trial Judge found that the initial altercation ended when Wilton and his friend reached the safety of defendant’s camp. The Trial Judge, in Reasons for Judgment, stated the following:
“Wilbert Morales, who accompanied his minor son in the search for plaintiff, who participated in the invitation to plaintiff to resume the encounter, who was present at all times, and who knew or should have known that his son had armed himself with a weapon, is clearly liable to plaintiff because (1) young Morales was the aggressor in provoking the second altercation, and (2) even considering that plaintiff was willing to fight and stepped outside to do so making it a mutual undertaking, young Morales used more force than was reasonably necessary under the circumstances. The plaintiff, in consenting to a fistic encounter, certainly had no reason to expect that the first blow would be struck by his opponent with a metal bar which had been *141 concealed in the darkness. Plaintiff at no time was armed nor did he use any weapon other than his fists. Young Morales was not acting in self defense but rather was bent upon enacting severe and unreasonable revenge for the earlier encounter.”
Defendant contends that plaintiff was the aggressor in the first incident when he struck Wilton’s friend and that he was also the aggressor in the incident with Wilton by leaving the establishment to fight. Defendant’s defense to this suit is two fold; first, that plaintiff was the aggressor, and secondly, that Wilton acted out of self defense.
The Trial Court found that plaintiff was the aggressor in the first incident which ended by the time Wilton and his friend reached the safety of defendant’s camp. It found that Wilton was the aggressor in provoking the second incident and in inflicting injuries complained of to plaintiff with the iron bar or rod. Under these circumstances, neither the aggressor doctrine nor the defense of self defense are available to. defendant, and the law is clear that the factual findings of the Trial Court must be upheld absent a showing of manifest error on the part of the Trial Judge. It is our opinion that the Trial Judge’s interpretation of the facts are reasonable and should not be disturbed.
Defendant also argues that the award for general damages is excessive and includes an award for loss of wages which were not asked for in plaintiff’s petition, the evidence in connection therewith being objected to by defendant. Inasmuch as the award for general damages was not itemized and did not specifically set an amount of damages for loss of wages, we find the award in and of itself not to be an abuse of the discretion of the Trial Judge even without a consideration of lost wages.
For the above and foregoing reasons, the judgment of the Trial Court is affirmed at appellant’s cost.
AFFIRMED.